# EXHIBIT A

# EXHIBIT A-1

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

*CEDAR POINT CONDOMINIUMS v. EVEREST INDEMNITY INSURANCE COMPANY, ENGLE MARTIN AND ASSOCIATES, INC., EDWARD MARTIN SEWELL JR., ERIK JASKE, AND HARMON HAMANN*

STYLED _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| **Name:**<br>Chad T. Wilson | **Email:**<br>cwilson@cwilsonlaw.com | Plaintiff(s)/Petitioner(s):<br>Cedar Point Condominiums | ☒Attorney for Plaintiff/Petitioner<br>☐Pro Se Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| **Address:**<br>455 E. Medical Center Blvd. Ste 555 | **Telephone:**<br>832-415-1432 | Defendant(s)/Respondent(s):<br>Everest Indemnity Insurance Company, Engle Martin & Associates, Inc., Edward Martin Sewell Jr., Erik Jaske, and Harmon Hamann | **Additional Parties in Child Support Case:** |
| **City/State/Zip:**<br>Webster, Texas 77598 | **Fax:**<br>281-940-2137 | [Attach additional page as necessary to list all parties] | Custodial Parent: |
| **Signature:** | **State Bar No:**<br>24079587 | | Non-Custodial Parent: |
| | | | Presumed Father: |

### 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>*Malpractice*<br>  ☐Accounting<br>  ☐Legal | ☐Eminent Domain/<br>  Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property: | ☐Annulment<br>☐Declare Marriage Void<br>*Divorce*<br>  ☐With Children<br>  ☐No Children | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other |
| *Foreclosure*<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Medical<br>☐Other Professional<br>  Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>*Product Liability*<br>  ☐Asbestos/Silica<br>  ☐Other Product Liability<br>  List Product: | **Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>  Pre-indictment<br>☐Other: | **Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order |
| | ☐Other Injury or Damage: | | **Other Family Law**<br>☐Enforce Foreign<br>  Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>  of Minority<br>☐Other: | **Parent-Child Relationship**<br>☐Adoption/Adoption with<br>  Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>  Rights<br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>  Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: | | |
| **Tax** | | | **Probate & Mental Health** | |
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | *Probate/Wills/Intestate Administration*<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: | |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000

# EXHIBIT A-2

FILED
7/18/2017 10:03 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

**CAUSE NO.** **2017CI13020**

|  |  |  |
|---|---|---|
| CEDAR POINT CONDOMINIUMS, | § | IN THE JUDICIAL COURT OF |
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| V. | § |  |
|  | § |  |
| EVEREST INDEMNITY INSURANCE | § | BEXAR COUNTY, TEXAS |
| COMPANY, ENGLE MARTIN & | § |  |
| ASSOCIATES, INC., EDWARD | § |  |
| MARTIN SEWELL JR., ERIK JASKE, | § |  |
| AND HARMON HAMANN, | § |  |
|  | § | **225** |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cedar Point Condominiums, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Everest Indemnity Insurance Company (hereinafter referred to as "Everest Indemnity"), Engle Martin & Associates, Inc. (hereinafter referred to as "Engle Martin"), Edward Martin Sewell Jr. (hereinafter referred to as "Sewell"), Erik Jaske (hereinafter referred to as "Jaske"), and Harmon Hamann (hereinafter referred to as "Hamann") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Cedar Point Condominiums, is a condominium association for multiple condominiums located in Bexar County, Texas.

3.   Defendant, Everest Indemnity Insurance Company, is a Delaware corporation that provides insurance underwriting services in the State of Texas. Plaintiff requests service of citation upon Everest Indemnity Insurance Company at the address listed with the Texas Department of Insurance: **C/O Any Officer, 1209 Orange Street, Wilmington, Delaware 19801**. Plaintiff requests service at this time.

4.   Defendant, Engle Martin & Associates, Inc., is an independent insurance adjusting firm that does business in the State of Texas. Engle Martin may be served with citation at the address listed with the Texas Department of Insurance: **5565 Glenridge Connector, Suite 900, Atlanta, Georgia 30342**. Plaintiff requests service at this time.

5.   Defendant Edward Martin Sewell Jr. is an independent insurance adjuster who is duly authorized as an adjuster in the State of Texas through the Texas Department of Insurance. Sewell, who is a Texas resident, may be served with citation at the address listed with the Texas Department of Insurance: **c/o Engle Martin & Associates, Inc., 17304 Preston Road, Suite 975, Dallas, Texas 75252-5650**. Plaintiff requests service at this time.

6.   Defendant Erik Jaske is an insurance adjuster who is duly authorized as an adjuster in the State of Texas through the Texas Department of Insurance. Jaske may be served with citation at the address listed with the Texas Department of Insurance: **1010 Jorie Blvd, Suite 140, Oakbrook, Illinois 60523**. Plaintiff requests service at this time.

7.   Defendant Harmon Hamann is an insurance agent who is duly authorized to sell property insurance through the Texas Department of Insurance. Hamann may be served with citation at: **1914 Alpine Mist, San Antonio, Texas 78258-7282**. Plaintiff requests service at this time.

2

## JURISDICTION

8.    The Court has jurisdiction over Everest Indemnity because this Defendant engages in the business of underwriting insurance in the State of Texas, and the causes of action arise out of Everest Indemnity's business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

9.    The Court has jurisdiction over Engle Martin as this company engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, with reference to this specific case.

10.   The Court has jurisdiction over Sewell because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

11.   The Court has jurisdiction over Jaske because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

12.   The Court has jurisdiction over Hamann because this domestic Defendant engages in the business of selling property insurance in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Bexar County, Texas, with reference to this specific case.

## VENUE

13.   Venue is proper in Bexar County, Texas because the insured properties are located in Bexar

3

County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred

in County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

14.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of
the Texas Insurance Code, violations of the Texas DTPA, negligence, and gross
negligence.

15.    Plaintiff owns an Everest Indemnity commercial insurance policy, number
CA3P004542151 ("the Policy"). At all relevant times, Plaintiff was the insured for
buildings A through H located at what defendant Everest Indemnity labels as "14745
Babcock Road, San Antonio, Texas 78249."

16.    Hamann personally worked with Plaintiff to sell and procure the policy in question.
Plaintiff believed Plaintiff purchased a full coverage insurance policy. In fact, Plaintiff
was very diligent in procuring coverage for the property itself, general liability, workers'
compensation, crime, directors' and officers' liability, flood insurance for all residential
buildings, and blanket umbrella coverage. Essentially, Plaintiff believed that it had
"covered its bases." Prior to purchasing the policy, Plaintiff received a copy of the
declarations page, but not the policy itself. As part of this sale, Hamann represented that
the policy included coverage for wind and hail losses.

17.    Unfortunately, through the claims process, Everest Indemnity, contrary to what Plaintiff
believe it had purchased, denied the claim based on policy exclusions Plaintiff could not
have known existed at the time the policy was sold by Hamann to Plaintiff.

18.    Ultimately, based on wrongfully applied provisions in the Policy, Everest Indemnity has

4

refused substantive coverage which includes, but is not limited to, replacement of the storm

damaged carports.

19.    Specifically, the Policy sold included extremely limited coverage for outdoor properties.

20.    Everest Indemnity stated in its partial denial letter of the claim that:

> Further, the Haag investigation revealed minor hail damage to carport roofs.
> Please find the following policy language:

A. Coverage
    We will pay for direct physical loss of or damage to Covered Property
    at the premises described in the Declarations caused by or resulting from
    any Covered Cause of Loss.
    1. Covered Property
        Covered Property, as used in this Coverage Part, means the type of
        property described in this decision, A.1., and limited in A.2.
        Property Not Covered, if a Limit Of Insurance is shown in the
        Declarations for that type of property.
        a.    Building, meaning the building or structure described in the
              Declarations, including:
                  (1) Completed additions;
                  (2) Fixtures, outside of individual units, including
                      outdoor fixtures;
                  (3) Permanently installed:
                          (a) Machinery; and
                          (b) Equipment
                  (4) Personal property owned by you that is used to
                      maintain or service the building or structure or its
                      premises, including:
                          (a) Fire-extinguishing equipment;
                          (b) Outdoor furniture;
                          (c) Floor coverings; and
                          (d) Appliances used for refrigerating,
                              ventilating, cooking, dishwashing, or
                              laundering that are not contained
                              within individual units;
                  (5) If not covered by other insurance:
                          (a) Additions under construction,
                              alterations and repairs to the building
                              or structure;
                          (b) Materials, equipment, supplies, and
                              temporary structures, on or within

5

>>> 100 feet of described premises. used
>>> for making additions. alterations or
>>> repairs to the building or structure:
>>> and
>>
>> (6) Any of the following types of property contained
>> within a unit, regardless of ownership, if your
>> Condominium Association Agreement requires you
>> to insure it:
>>
>>> (a) Fixtures,     improvements     and
>>> alterations that are a part of the
>>> building or structure; and
>>> (b) Appliances, such as those used for
>>> refrigerating, ventilating, cooking,
>>> dishwashing, laundering, security, or
>>> housekeeping.

**Carports are not covered property as noted above.** Please note the
following regarding outdoor property:

**E. Outdoor Property**

> You may extend the insurance provided by this Coverage Form to
> apply to your outdoor fences. Radio, and television antennas
> (including satellite dishes), trees, shrubs, and plants (other than
> trees, shrubs or plants which are "Stock" or are part of a vegetated
> roof), including debris removal expense, caused by or resulting from
> any of the following causes of loss if they are Covered Causes of
> Loss:
>
>> (1) Fire;
>> (2) Lightning;
>> (3) Explosion;
>> (4) Riot or Civil Commotion; or
>> (5) Aircraft.

. . .

**Carports are not listed as outdoor property nor is hail a named peril
described above.**

**Unfortunately, per the above noted policy language, Everest Indemnity
Insurance Company, must deny your claim for hail damage to carports
for the expressly noted reasons above.** Defendant's Partial Denial Letter,
October 14, 2016.

21.     As a result of the above policy provisions, which were sold as part of the policy by Hamann.

6

Plaintiff did not receive any coverage under this claim for several carports located on the Property, which would have been covered but for the policy exclusions.

22.   On or about April 12, 2016, the Properties sustained extensive damage resulting from a severe storm that passed through the Bexar County, Texas area.

23.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Everest Indemnity against the Policy for damage to the Properties. Everest Indemnity assigned claim number 2000098353 to Plaintiff's claim.

24.   Plaintiff asked Everest Indemnity to cover the cost of damage to the Properties pursuant to the Policy.

25.   Everest Indemnity assigned adjustment of the claim to the independent adjusting firm Engle Martin & Associates, Inc. Engle Martin, Jaske, and/or Sewell inspected the Properties on or about September 2, 2016, and determined that buildings A, B, C, D, E, F, G, and the leasing office were storm damaged in the amount of $21,788.32.

26.   Sewell, Engle Martin, and/or Jaske agreed that there was covered damage to several different building elevations, and other collateral roofing components such as window beading, A/C condenser fins, and a skylight.

27.   However, despite finding extensive damage to these collateral components, Sewell, Engle Martin, and/or Jaske allegedly found that there was no damage from a covered peril to the roof of the Properties.

28.   Furthermore, according to a representative of the Plaintiff, Jaske got on only 1 of the 8 buildings on the property.

29.   Sewell, Jaske, and/or Engle Martin had a vested interest in undervaluing the claims

7

assigned to them by Everest Indemnity in order to maintain their employment. The disparity in the number of damaged items in their report compared to that of Plaintiff's is evidence of fraud on the part of Sewell, Jaske, and Engle Martin. The valuation of damages that were included in Sewell, Jaske, and/or Engle Martin's report compared to Plaintiff's is also evidence of fraud on the part of Sewell, Jaske, and Engle Martin.

30.     Furthermore, Sewell, Jaske, and Engle Martin made misrepresentations as to the amount of damage Plaintiff's Properties sustained, as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Properties.

31.     Everest Indemnity and/or Engle Martin sent out an engineering company, Haag Engineering Company, ("Haag"), to inspect the Properties on August 10, 2016. Haag concluded that the carport canopies sustained minor damage due to hailstone impact, which was not reported during Sewell, Jaske, and Engle Martin's initial inspection.

32.     Everest Indemnity, through its agents, namely Sewell, Jaske, and Engle Martin, conducted a substandard and improper inspection and adjustment of the Properties, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Properties. Specifically, Everest Indemnity and/or the agents it hired, namely Sewell, Jaske, and Engle Martin determined that:

      a.     According to Everest Indemnity and/or its agents, the Property denoted as **Building A/Building 1** sustained $3,768.16 in damage to the front elevation, left elevation, a window screen, and window glazing beading. Plaintiff estimates the replacement cost to repair damage to this Property is currently $68,894.76. This damage includes, but is not limited to the roof

8

and roofing components.

b.     According to Everest Indemnity and/or its agents, the Property denoted as **Building B/Building 2** sustained $3,630.40 in damage to the front elevation, left elevation, a window screen, and window glazing beading. Plaintiff estimates the replacement cost to repair damage to this Property is currently $82,704.30. This damage includes, but is not limited to the roof and roofing components.

c.     According to Everest Indemnity and/or its agents, the Property denoted as **Building C/Building 3** sustained $3,572.28 in damage to the front elevation, left elevation, a window screen, and window glazing beading. Plaintiff estimates the replacement cost to repair damage to this Property is currently $82,685.35. This damage includes, but is not limited to the roof and roofing components.

d.     According to Everest Indemnity and/or its agents, the Property denoted as **Building D/Building 4** sustained $2,656.83 in damage to the front elevation, right elevation, a window screen, and window glazing beading. Plaintiff estimates the replacement cost to repair damage to this Property is currently $130,214.00. This damage includes, but is not limited to the roof and roofing components.

e.     According to Everest Indemnity and/or its agents, the Property denoted as **Building E/Building 5** sustained $1,256.99 in damage to the front elevation, a window screen, and window glazing bead. Plaintiff estimates

9

the replacement cost to repair damage to this Property is currently $87,564.10. This damage includes, but is not limited to the roof and roofing components.

f.   According to Everest Indemnity and/or its agents, the Property denoted as **Building F/Building 6** sustained $3,603.14 in damage to the roof skylight, right elevation, rear elevation, a window screen, and window glazing beading. Plaintiff estimates the replacement cost to repair damage to this Property is currently $87,186.62. This damage includes, but is not limited to the roof and roofing components.

g.   According to Everest Indemnity and/or its agents, the Property denoted as **Building G/Building 7** sustained $3,061.59 in damage to the right elevation, rear elevation, a window screen, and window glazing head. Plaintiff estimates the replacement cost to repair damage to this Property is currently $43,036.99. This damage includes, but is not limited to the roof and roofing components.

h.   The Property denoted as **Leasing Office/Building 8** sustained $92.39 in damage to the left elevation only. Plaintiff estimates the replacement cost to repair damage to this Property is currently $105,503.79. This damage includes, but is not limited to the roof and roofing components.

33.   To date, Plaintiff has received $11,788.32 for damage to Plaintiff's Properties. The collective damage to Plaintiff's Properties is currently estimated at $781,597.53.

34.   Since due demand was made on February 17, 2017, Defendants have not communicated

10

that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

35.     As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Everest Indemnity failed to provide full coverage due under the Policy.

36.     As a result of Everest Indemnity's failure to provide full coverage, along with Everest Indemnity's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

37.     Everest Indemnity failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Everest Indemnity refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Properties, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

38.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Everest Indemnity and Plaintiff.

39.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's

11

coverage due under the Policy.

40.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

41.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Everest Indemnity through its agents, servants, and representatives, namely Sewell, Jaske, and Engle Martin, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties.

42.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

43.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

44.     Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

12

## CAUSES OF ACTION AGAINST DEFENDANT
## EVEREST INDEMNITY INSURANCE COMPANY

### BREACH OF CONTRACT

45.   All allegations above are incorporated herein.

46.   Everest Indemnity is liable to Plaintiff for intentional violations of the Texas Insurance
      Code, and intentional breach of the common law duty of good faith and fair dealing. It
      follows, then, that the breach of the statutory duties constitutes the foundation of an
      intentional breach of the insurance contract between Everest Indemnity and Plaintiff.

47.   Everest Indemnity's failure and/or refusal to pay adequate coverage as obligated under the
      terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the
      insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

48.   All allegations above are incorporated herein.

49.   Everest Indemnity's conduct constitutes multiple violations of the Texas Insurance Code,
      Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this
      article are actionable by TEX. INS. CODE §541.151.

50.   Everest Indemnity's unfair settlement practice of misrepresenting to Plaintiff material facts
      relating to coverage constitutes an unfair method of competition and a deceptive act or
      practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51.   Everest Indemnity's unfair settlement practice of failing to attempt in good faith to make a
      prompt, fair, and equitable settlement of the claim, even though liability under the Policy

13

was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52. Everest Indemnity's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

53. Everest Indemnity's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

54. Everest Indemnity's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

55. All allegations above are incorporated herein.

56. Everest Indemnity's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

57. Everest Indemnity's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

58. Everest Indemnity's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of

14

time provided, constitutes a non-prompt payment of the claim.   TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

59.   All allegations above are incorporated herein.

60.   Everest Indemnity's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

61.   Everest Indemnity's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Everest Indemnity knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

62.   All allegations above are incorporated herein.

63.   Everest Indemnity's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Everest Indemnity pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Everest Indemnity. Specifically, Everest Indemnity's violations of the DTPA include, without limitation, the following matters:

    A.    By its acts, omissions, failures, and conduct, Everest Indemnity has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Everest Indemnity's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give

15

Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's Properties when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Everest Indemnity represented to Plaintiff that the Policy and Everest Indemnity's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Everest Indemnity also represented to Plaintiff that the Policy and Everest Indemnity's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, Everest Indemnity advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Everest Indemnity breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Everest Indemnity's actions are unconscionable in that Everest Indemnity took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Everest Indemnity's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

16

G.    Everest Indemnity's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

64.    Each of the above-described acts, omissions, and failures of Everest Indemnity is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

65.    All allegations above are incorporated herein.

66.    Everest Indemnity is liable to Plaintiff for common law fraud.

67.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Everest Indemnity knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

68.    Everest Indemnity made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT EDWARD MARTIN SEWELL JR., ERIK JASKE, AND ENGLE MARTIN AND ASSOCIATES, INC.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

69.    All allegations above are incorporated herein.

17

70.    Sewell, Jaske, and Engle Martin's conduct constitutes multiple violations of the Texas
       Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(6).

71.    Sewell and Jaske are individually liable for their unfair and deceptive acts, irrespective of
       the fact that they were acting on behalf of Everest Indemnity because Sewell and Jaske are
       defined as a "person" by TEX. INS. CODE §541.002(2).

72.    Sewell, Jaske, and Engle Martin knowingly underestimated the amount of damage to the
       Properties. As such, Sewell, Jaske, and Engle Martin failed to adopt and implement
       reasonable standards for the investigation of the claim arising under the Policy. TEX. INS.
       CODE §542.003(3).

73.    Furthermore, Sewell, Jaske, and Engle Martin did not attempt in good faith to effect a fair,
       prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

74.    Sewell, Jaske, and Engle Martin's unfair settlement practice of failing to provide Plaintiff
       a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or
       applicable law, for underpayment of the claim, also constitutes an unfair method of
       competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

75.    Sewell, Jaske, and Engle Martin's unfair settlement practice of failing to attempt in good
       faith to make a prompt, fair, and equitable settlement of the claim, even though liability
       under the Policy was reasonably clear, constitutes an unfair method of competition and a
       deceptive act or practice in the business of insurance. TEX. INS. CODE
       §541.060(a)(2)(A).

## DTPA VIOLATIONS

76.    All allegations above are incorporated herein.

18

77.     Sewell, Jaske, and Engle Martin's conduct constitutes multiple violations of the Texas
        Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff
        is a consumer of goods and services provided by Sewell, Jaske, and Engle Martin pursuant
        to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action
        against Sewell, Jaske, and Engle Martin. Specifically, Sewell, Jaske, and Engle Martin's
        violations of the DTPA include the following matters:

        A.      By this Defendant's acts, omissions, failures, and conduct, Sewell, Jaske, and Engle
                Martin have violated sections 17.46(b)(2), (5), and (7) of the DTPA. Sewell, Jaske,
                and Engle Martin's violations include, (1) failure to give Plaintiff the benefit of the
                doubt, and (2) failure to write up an estimate reflecting the proper repair of
                Plaintiff's Properties when liability has become reasonably clear, which gives
                Plaintiff the right to recover under section 17.46(b)(2).

        B.      Sewell, Jaske, and Engle Martin represented to Plaintiff that the Policy and their
                adjusting and investigative services had characteristics or benefits they did not
                possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the
                DTPA.

        C.      Sewell, Jaske, and Engle Martin represented to Plaintiff that the Policy and their
                adjusting services were of a particular standard, quality, or grade when they were
                of another, in violation of section 17.46(b)(7) of the DTPA.

        D.      Sewell, Jaske, and Engle Martin's actions are unconscionable in that Sewell, Jaske,
                and Engle Martin took advantage of Plaintiff's lack of knowledge, ability, and

19

experience to a grossly unfair degree.  Sewell's unconscionable conduct gives

Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Sewell, Jaske, and Engle Martin's conduct, acts, omissions, and failures, as

describe in this petition, are unfair practices in the business of insurance in

violation of section 17.50(a)(4) of the DTPA.

78.     Each of Sewell, Jaske, and Engle Martin's above-described acts, omissions, and failures is

a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed

"knowingly" and "intentionally" by Sewell, as defined by the Texas Deceptive Trade

Practices Act.  TEX. BUS. & COM. CODE 17.45.

## FRAUD

79.     All allegations above are incorporated herein.

80.     Everest Indemnity assigned or hired Sewell, Jaske, and Engle Martin to adjust the claim.

    a.     Sewell, Jaske, and Engle Martin had a vested interest in undervaluing the claims

assigned to them by Everest Indemnity in order to maintain their employment.

The disparity in the number of damaged items in their report compared to that

of Plaintiff's is evidence of fraud on the part of Sewell, Jaske, and Engle Martin.

The valuation of damages that were included in Sewell, Jaske, and Engle

Martin's report compared to Plaintiff's is also evidence of fraud on the part of

Sewell, Jaske, and Engle Martin.

    b.     Sewell, Jaske, and Engle Martin made misrepresentations as to the amount of

damage Plaintiff's Properties sustained as well as misrepresentations regarding

how much it would cost to repair the damage to Plaintiff's Properties.

20

## NEGLIGENCE

81.   All allegations above are incorporated herein.

82.   Sewell, Jaske, and Engle Martin were negligent in their actions with regard to their adjustment of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a.   Failure to conduct a reasonable inspection;

    b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Properties;

    d.   Failure to identify the cost of proper repairs to Plaintiff's Properties; and

    e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Properties.

83.   Sewell, Jaske, and Engle Martin's acts and/or omissions constitute negligence. Their conduct was therefore a proximate cause of the damages sustained by Plaintiff.

84.   At all relevant times, Sewell, Jaske, and Engle Martin were agents or employees of Defendant Everest Indemnity.

85.   Sewell, Jaske, and Engle Martin's unreasonable inspection was performed within the course and scope of their duties with Defendant Everest Indemnity. Therefore, Everest

21

Indemnity is also liable for the negligence of Sewell, Jaske, and Engle Martin through the

doctrine of respondeat superior.

## GROSS NEGLIGENCE

86. All allegations above are incorporated herein.

87. Sewell, Jaske, and Engle Martin's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Sewell, Jaske, and Engle Martin's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b. Sewell, Jaske, and Engle Martin had actual, subjective awareness of the risk involved, but nevertheless, proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

88. Sewell, Jaske, and Engle Martin intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Properties on behalf of Everest Indemnity. Their estimate was to such an extreme degree below what another licensed adjuster would have done in this situation; it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Properties were allowed to persist unrepaired.

## CAUSES OF ACTION AGAINST DEFENDANT
## HARMON HAMANN

## DTPA VIOLATIONS

89. All allegations above are incorporated herein.

22

90.    Hamann's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
       Act ("DTPA"), TEX. BUS. & COM. CODE 17.46. Specifically, his violations of the
       DTPA include, without limitation, the following matters:

       F.    By his acts, omissions, failures, and conduct, Hamann violated sections 17.46(b)(2)
             and 17.46(b)(5) of the DTPA. Hamann's violations include causing confusion as
             to the Policy benefits, and representing that the Policy had benefits or
             characteristics that it did not possess. Hamann's violations also include the failure
             to discuss with Plaintiff material exclusions or limitations.

       G.    Hamann breached an express warranty during the sale of the Policy that the
             damages caused by wind and hail would be covered under the Policy, when they
             were not. This breach entitles Plaintiff to recover under sections 17.46(b)(12),
             17.46(b)(20), and 17.50(a)(2) of the DTPA.

       H.    Hamann's conduct, acts, omissions, and failures are unfair practices in the business
             of insurance in violation of section 17.50(a)(4) of the DTPA.

       I.    Hamann's actions are unconscionable in that Hamann took advantage of Plaintiff's
             lack of knowledge, ability, and experience to a grossly unfair degree. Hamann's
             unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of
             the DTPA; and

91.    Each of Hamann's above-described acts, omissions, and failures is a producing cause of
       Plaintiff's damages. All of the above-described acts, omissions, and failures were
       committed "knowingly" and "intentionally" by Hamann, as defined by the Texas
       Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

23

## FRAUD

92.    All allegations above are incorporated herein.

93.    Hamann is liable to Plaintiff for common law fraud.

94.    Each and every representation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Hamann knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

95.    Hamann made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.  Specifically, Hamann represented to Plaintiff during the sale of the Policy that the Policy had benefits or characteristics it did not possess.  Plaintiff relied on these statements, and as a result, has suffered damages to Plaintiff's Property when Plaintiff's claim was denied for lack of coverage.

## KNOWLEDGE

96.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

97.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

24

## DAMAGES

98.    Since the claim was made, Everest Indemnity has not properly compensated Plaintiff for all necessary repairs required to be made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

99.    Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

100.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Properties, and any investigative and engineering fees incurred to date.

101.   For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

102.   The damage to Plaintiff's Properties is currently estimated at $781,597.53.

103.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the

25

acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX.

INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

104.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is

entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum

penalty on that claim, as damages, as well as pre-judgment interest and reasonable

attorney's fees. TEX. INS. CODE §542.060.

105.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to

compensatory damages, including all forms of loss resulting from Defendants' breach of

duty, such as additional costs, economic hardship, losses due to nonpayment of money

Everest Indemnity owed, and exemplary damages.

106.    Defendants' breach of the common law duty of good faith and fair dealing was committed

intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies

Code. These violations are the type of conduct which the State of Texas protects its citizens

against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery

of exemplary damages in an amount determined by the finder of fact sufficient to punish

Defendants for their wrongful conduct and to set an example to deter Defendants and others

from committing similar acts in the future.

107.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly

fraudulent and malicious representations, along with attorney's fees, interest, and court

costs.

26

108.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

109.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(5) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $1,000,000.00. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

110.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

111.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Bexar County, Texas. Plaintiff hereby tenders the appropriate jury fee.

27

## PRAYER

Plaintiff prays that Defendants, Everest Indemnity Insurance Company, Engle Martin & Associates, Inc., Erik Jaske, Harmon Hamann, and Edward Martin Sewell Jr., be cited and served to appear, and that upon trial hereof, Plaintiff, Cedar Point Condominiums, has and recovers from Defendants, Everest Indemnity Insurance Company, Engle Martin & Associates, Inc., Erik Jaske, Harmon Hamann, and Edward Martin Sewell Jr., such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Cedar Point Condominiums, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Kimberly N. Blum
Bar No. 24092148
455 E. Medical Center Blvd, Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
kblum@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

28

# EXHIBIT A-3



# CHAD T. WILSON
—— LAW FIRM, PLLC ——



July 17, 2017

Ms. Donna Kay McKinney
Bexar County District Clerk
Paul Elizondo Tower
101 W. Nueva, Suite 217
San Antonio, Texas 78205-3411

      **RE: Cause No.:**_____; *Frank Cipolla vs. Safeco Insurance Company of Indiana*
      *and Charles Paul Winn,* **In the** _____ **District Court, Tarrant County, Texas**

Dear Ms. McKinney:

     Please prepare a civil process citation for the following and have each served by Certified
Mail Return Receipt Requested through the court:

                1.   Everest Indemnity Insurance Company
                    C/O Any Officer
                    1209 Orange Street
                    Wilmington, Delaware 19801

                2.   Engle Martin & Associates, Inc.
                    5565 Glenridge Connector
                    Suite 900
                    Atlanta, Georgia 30342

                3.   Edward Martin Sewell Jr.
                    C/O Engle Martin & Associates, Inc.
                    17304 Preston Road
                    Suite 975
                    Dallas, Texas 75252-5650

                4.   Erik Jaske
                    1010 Jorie Blvd, Suite 140
                    Oakbrook, Illinois 60523

                5.   Harmon Hamann
                    1914 Alpine Mist
                    San Antonio, Texas 78258-7282

www.cwilsonlaw.com

**Houston:**
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432    Fax: 281-940-2137

**Denver:**
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999



# CHAD T. WILSON
—— L A W   F I R M , P L L C ——

I understand that there is a charge for this service and an additional charge to attach a copy of the Original Petition to the citation will be charged. If any additional information is needed, feel free to contact this office. Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
Chad T Wilson Law Firm PLLC
Office: (832) 415-1432
Fax: (281) 940-2137

www.cwilsonlaw.com

**Houston:**
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
Office: 832-415-1432    Fax: 281-940-2137

**Denver:**
1001 Bannock Street, Suite 239
Denver, Colorado 80204
Office: 303-495-3999

# EXHIBIT A-4

CERTIFIED MAIL #70160600000042384049



2017CI13020 S00002

**Case Number: 2017-CI-13020**

**CEDAR POINT CONDOMINUMS**

   **vs.**

**EVEREST INDEMNITY INSURANCE COMPANY ET**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**      ENGLE MARTIN & ASSOCIATES INC

                5565 GLENRIDGE CONNECTOR 900
                ATANTA GA 30342

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE was filed on the 18th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF July A.D., 2017.

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
455 EAST MEDICAL CENTER BLVD 555
WEBSTER, TX 77598

m|o  7|19|17



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Lilyana Esquivel,* Deputy

CEDAR POINT CONDOMINIUMS
vs
EVEREST INDEMNITY INSURANCE COMPANY ET

**Officer's Return**

Case Number: 2017-CI-13020
Court:225th Judicial District Court

Came to hand on the 19th day of July 2017, A.D., at 1:46 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 5565 GLENRIDGE CONNECTOR 900 ATANTA GA 30342 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX

By : *Lilyana Esquivel,* Deputy

DOCUMENT SCANNED AS FILED

# EXHIBIT A-5

CERTIFIED MAIL #70160600000042384032



2017CI13020  S00001

**Case Number: 2017-CI-13020**

**CEDAR POINT CONDOMINUMS**

**vs.**

**EVEREST INDEMNITY INSURANCE COMPANY ET**

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**      EVEREST INDEMNITY INSURANCE COMPANY
C/O ANY OFFICER

1209 ORANGE ST
WILMINGTON DE 19801-1120

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE was filed on the 18th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF July A.D., 2017.

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
455 EAST MEDICAL CENTER BLVD 555
WEBSTER, TX 77598



MD  7/19/17

CEDAR POINT CONDOMINUMS
vs
EVEREST INDEMNITY INSURANCE COMPANY ET

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Lilyana Esquivel,* Deputy

**Officer's Return**

Case Number: 2017-CI-13020
Court:225th Judicial District Court

Came to hand on the 19th day of July 2017, A.D., at 1:42 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by delivering to: _____ at 1209 ORANGE ST WILMINGTON DE 19801-1120 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By : *Lilyana Esquivel,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

# EXHIBIT A-6

CERTIFIED MAIL #70160600000042384056



2017CI13020   S00003

**Case Number: 2017-CI-13020**

## CEDAR POINT CONDOMINUMS

vs.

## EVEREST INDEMNITY INSURANCE COMPANY ET
(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## "THE STATE OF TEXAS"

**DIRECTED TO:**    EDWARD MARTIN SEWELL JR
C/O ENGLE MARTIN & ASSOCIATES INC

17304 PRESTON RD 975
DALLAS TX 78252

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE was filed on the 18th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF July A.D., 2017.

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
455 EAST MEDICAL CENTER BLVD 555
WEBSTER, TX 77598



Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lilyana Esquivel,* Deputy

CEDAR POINT CONDOMINUMS
vs
EVEREST INDEMNITY INSURANCE COMPANY ET

**Officer's Return**

Case Number: 2017-CI-13020
Court:225th Judicial District Court

Came to hand on the 19th day of July 2017, A.D., at 1:48 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20_____, by delivering to: _____ at 17304 PRESTON RD 975 DALLAS TX 78252 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.

Donna Kay McKinney
Clerk of the District Courts of
Bexar County, TX
By: *Lilyana Esquivel,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

# EXHIBIT A-7

CERTIFIED MAIL #70160600000042384063

**Case Number: 2017-CI-13020**

2017CI13020 S00004

**CEDAR POINT CONDOMINUMS**

    **vs.**

**EVEREST INDEMNITY INSURANCE COMPANY ET**

(Note: Attached document may contain additional litigants).

**CITATION**



IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**   ERIK JASKE

       1010 JORIE BLVD 140
       OAKBROOK IL 60523

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE was filed on the 18th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF July A.D., 2017.

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
455 EAST MEDICAL CENTER BLVD 555
WEBSTER, TX 77598



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Lilyana Esquivel,* Deputy

CEDAR POINT CONDOMINUMS
vs
EVEREST INDEMNITY INSURANCE COMPANY ET

**Officer's Return**

Case Number: 2017-CI-13020
Court:225th Judicial District Court

Came to hand on the 19th day of July 2017, A.D., at 1:49 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 1010 JORIE BLVD 140 OAKBROOK IL 60523 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.

                **Donna Kay McKinney**
                Clerk of the District Courts of
                Bexar County, TX
                By : *Lilyana Esquivel,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

# EXHIBIT A-8

CERTIFIED MAIL #70160600000042384070



2017CI13020   S00005

**Case Number: 2017-CI-13020**

# CEDAR POINT CONDOMINUMS

### vs.

# EVEREST INDEMNITY INSURANCE COMPANY ET

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## "THE STATE OF TEXAS"

**DIRECTED TO:**    HARMON HAMANN

1914 ALPINE MIST
SAN ANTONIO TX 78258-7282

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE was filed on the 18th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF July A.D., 2017.

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
455 EAST MEDICAL CENTER BLVD 555
WEBSTER, TX 77598

M|D 7|19|19



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Lilyana Esquivel,* Deputy

---

CEDAR POINT CONDOMINIUMS
vs
EVEREST INDEMNITY INSURANCE COMPANY ET

**Officer's Return**

Case Number: 2017-CI-13020
Court:225th Judicial District Court

Came to hand on the 19th day of July 2017, A.D., at 1:52 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____ 20____, by delivering to: _____ at 1914 ALPINE MIST SAN ANTONIO TX 78258-7282 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By: *Lilyana Esquivel,* Deputy

FILE COPY (DK003)

**DOCUMENT SCANNED AS FILED**

# EXHIBIT A-9

CERTIFIED MAIL #70160600000042384049



2017CI13020  S00002

**Case Number: 2017-CI-13020**

**CEDAR POINT CONDOMINUMS**                                                   **CRT**

 vs.

**EVEREST INDEMNITY INSURANCE COMPANY ET**                    IN THE DISTRICT COURT
(Note: Attached document may contain additional litigants).                                        225th JUDICIAL DISTRICT

**CITATION**                                                                 BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**        ENGLE MARTIN & ASSOCIATES INC



                        5565 GLENRIDGE CONNECTOR 900
                        ATANTA GA 30342

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE was filed on the 18th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF July A.D., 2017.

CHAD T WILSON                                               **Donna Kay McKinney**
ATTORNEY FOR PLAINTIFF                                       Bexar County District Clerk
455 EAST MEDICAL CENTER BLVD 555                            101 W. Nueva, Suite 217
WEBSTER, TX 77598                                           San Antonio, Texas 78205

                                                           By: *Lilyana Esquivel*, Deputy

---

CEDAR POINT CONDOMINUMS                  **Officer's Return**      Case Number: 2017-CI-13020
vs                                                                Court:225th Judicial District Court
EVEREST INDEMNITY INSURANCE COMPANY ET

Came to hand on the 19th day of July 2017, A.D., at 1:46 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the
_see order on card_ day of _____ 20___, by delivering to: ___Jan Wing___ at 5565 GLENRIDGE
CONNECTOR 900 ATANTA GA 30342 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying
copy of the CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____



                                        **Donna Kay McKinney**
                                        Clerk of the District Courts of
                                        Bexar County, TX

                                        By: *Lilyana Esquivel*, Deputy

Case Number: 2017CI13020              Document Type: ENTIRE FILE CERTIFIED           Page 40 of 51

                                                                          RETURN TO COURT (DK003)

**DOCUMENT SCANNED AS FILED**





**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

# OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$

ENGLE MARTIN & ASSOCIATES INC
5565 GLENRIDGE CONNECTOR 900
ATANTA, GA  30342

2017CI13020  7/19/2017  CITCM  LILYANA ESQUIVEL

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7016 0600 0000 4238 4049

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. | A. Signature |
| ■ Print your name and address on the reverse so that we can return the card to you. | X ☐ Agent ☐ Addressee |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by *(Printed Name)* C. Date of Delivery |
| | Jan Wingo |

1. Article Addressed to:

ENGLE MARTIN & ASSOCIATES INC
5565 GLENRIDGE CONNECTOR
ATANTA, GA  30342

2017CI13020  7/19/2017  CITCM  LILYANA ESQUIVEL

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

9590 9401 0000 5205 5465 43

2. Article Number *(Transfer from service label)*

7016 0600 0000 4238 4049

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

DOCUMENT SCANNED AS FILED



Case Number: 2017Cl13020

Document Type: ENTIRE FILE CERTIFIED

Page 43 of 51



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

USPS TRACKING#

9590 9401 0000 5205 5465 43



# EXHIBIT A-10

CERTIFIED MAIL #70160600000042384056



2017CI13020   S00003

**Case Number: 2017-CI-13020**

**CEDAR POINT CONDOMINUMS**

**CRT**

vs.

**EVEREST INDEMNITY INSURANCE COMPANY ET**
(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:**     EDWARD MARTIN SEWELL JR
C/O ENGLE MARTIN & ASSOCIATES INC

17304 PRESTON RD 975
DALLAS TX 78252

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Said CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE was filed on the 18th day of July, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF July A.D., 2017.

CHAD T WILSON
ATTORNEY FOR PLAINTIFF
455 EAST MEDICAL CENTER BLVD 555
WEBSTER, TX 77598



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By : *Lilyana Esquivel,* Deputy

---

**CEDAR POINT CONDOMINUMS**
vs
**EVEREST INDEMNITY INSURANCE COMPANY ET**

**Officer's Return**

Case Number: 2017-CI-13020
Court:225th Judicial District Court

Came to hand on the 19th day of July 2017, A.D., at 1:48 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the 24 day of July 20 17, by delivering to: CHERYL BAKER at 17304 PRESTON RD 975 DALLAS TX 78252 a true copy of this Citation, upon which I endorsed that date of delivery, together with the accompanying copy of the CITATION with ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE.

Cause of failure to execute this Citation is _____

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, TX
By : *Lilyana Esquivel,* Deputy

RETURN TO COURT (DK003)

**DOCUMENT SCANNED AS FILED**





**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

EDWARD MARTIN SEWELL JR
C/O ENGLE MARTIN & ASSOCIATES INC
17304 PRESTON RD 975
DALLAS, TX  78252

2017CI13020  7/19/2017  CITCM  LILYANA ESQUIVEL

7016 0600 0000 4238 4056

JUL 20 2017
SAN ANTONIO TX

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Cheryl Baker |

1. Article Addressed to:

EDWARD MARTIN SEWELL JR
C/O ENGLE MARTIN & ASSOCIATES INC
17304 PRESTON RD 975
DALLAS, TX   78252

2017CI13020  7/19/2017  CITCM  LILYANA EMANUEL

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9401 0000 5205 5465 36

| 3. Service Type | |
|---|---|
| ☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |

☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery (over $500)

2. Article Number (Transfer from service label)

7016 0600 0000 4238 4056

PS Form 3811, April 2015 PSN 7530-02-000-9053     Domestic Return Receipt

DOCUMENT SCANNED AS FILED



Case Number: 2017CI13020

Document Type: ENTIRE FILE CERTIFIED

Page 48 of 51



UNITED STATES POSTAL SERVICE
N. TEXAS
DALLAS 750
26 JUL '17
PM 5 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

USPS TRACKING #

9590 9401 0000 5205 5465 36



# EXHIBIT A-11

FILED
8/18/2017 3:40 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

## CAUSE NO. 2017CI13020

| | | |
|---|---|---|
| CEDAR POINT CONDOMINIUMS, | § | IN THE DISTRICT COURT OF BEXAR |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | BEXAR COUNTY, TEXAS |
| EVEREST INDEMNITY | § | |
| INSURANCE COMPANY, ENGLE | § | |
| MARTIN & ASSOCIATES, INC., | § | |
| EDWARD MARTIN SEWELL, JR., | § | |
| ERIK JASKE, and | § | |
| HARMON HAMANN | § | |
| | § | |
| *Defendants.* | § | 225TH JUDICIAL DISTRICT |

### DEFENDANTS EVEREST INDEMNITY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, INC., EDWARD MARTIN SEWELL, JR., AND ERIK JASKE'S ORIGINAL ANSWER

Defendants Everest Indemnity Insurance Company ("Everest"), Engle Martin & Associates, Inc. ("Engle Martin"), Edward Martin Sewell, Jr., and Erik Jaske file this Original Answer to the Original Petition of Plaintiff Cedar Point Condominiums.

### A.  GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny the allegations in Plaintiff's Original Petition and demand strict proof thereof from Plaintiff by a preponderance of the evidence.

### B.     AFFIRMATIVE DEFENSES

2.     In addition to Defendants' general denial, Defendants plead the following affirmative defenses:

3.      Everest's liability, if any, is derived solely from the policy of insurance issued by Everest. As a result of Everest's investigation to date, Everest believes that Plaintiff's claims may be barred, in whole or in part, by the terms, conditions, provisions, exclusions, sublimits and limitations of the Everest Policy, which are pled as if copied herein. Several of the exclusions are specifically pleaded below.

4.      **Pre-Existing Building Damage**: Plaintiff's damages are excluded from coverage by the Policy endorsement entitled "Pre-Existing Building Damage Exclusion". Plaintiff's damages were caused, in whole or in part, by damage that existed prior to the time of loss or damage.

5.      **Wear and Tear**: Plaintiff's damages are excluded by exclusion 2.d(1) found under the portion of the Policy entitled Causes of Loss—Special Form, because Plaintiff's alleged losses were caused by wear and tear.

6.      **Hidden or Latent Defect**: Plaintiff's damages are excluded by exclusion 2.d(2) found under the portion of the Policy entitled Causes of Loss—Special Form, because Plaintiff's alleged losses were caused by hidden or latent defect.

7.      **Settling, Cracking, Shrinking, or Expansion**: Plaintiff's damages are excluded by exclusion 2.d(4) found under the portion of the Policy entitled Causes of Loss—Special Form, because Plaintiff's alleged losses were caused by settling, cracking, shrinking, or expansion.

8.      **Faulty, Inadequate, or Defective Conditions**: Plaintiff's damages are excluded by exclusions 3.c(2), (3), and (4) found under the portion of the Policy entitled Causes of Loss—Special Form, because the Plaintiff's losses were caused in whole or in

part by faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; materials used in repair, construction, renovation or remodeling; or maintenance.

9.      **Damage to Interior Caused by Rain**: Plaintiff's damages are excluded or limited by section C(1)(c) found under the portion of the Policy entitled Causes of Loss— Special Form, because any damage to the interior of the structures was caused by rain.

10.     **Limitation on Recovery**: In the unlikely event that the Court finds Everest liable to Plaintiff in damages, Everest asserts that if any of Plaintiff's damages are covered by the Policy, Everest is obligated to pay only the "actual cash value" of any alleged damages under the portion of the Policy entitled "Roof Covering—Conditional Valuation" because of the age of the roof covering at the time of the alleged damage. Alternatively, Everest is only obligated to pay the "actual cash value" of the damages insofar as any damage has not been repaired, replaced, or rebuilt within a reasonable time as required by the Policy. Pleading further, Plaintiff has not provided Everest with the requisite documents to prove its entitlement to "replacement cost value" damages.

11.     **Limitation on Exemplary, Additional or Treble Damages:** Defendants deny any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendants plead that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Chapter 41 and Tex. Ins. Code sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendants' State and

Federal constitutional rights. Defendants affirmatively plead that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendants affirmatively plead that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendants would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

12.     **Payment:** Defendant Everest asserts the affirmative defense of payment. Everest made the following payments to Plaintiff:

- March 23, 2017: Payment in the amount of $15,202.42 issued to Cedar Point Condominiums and Texas Claim Consultants.

13.     Everest is entitled to a credit for the payments it has already issued to Plaintiff.

## DENIAL OF CONDITIONS PRECEDENT

14.     Defendant Everest denies that Plaintiff has complied with all conditions precedent to recovery under the Policy at issue in this case. Specifically, Plaintiff did not provide a signed and sworn proof of loss pursuant to the terms of the policy for all the damages it claims by way of this suit.

15.     Further, the Policy obligates Plaintiff to cooperate with Everest in the event of a loss. Plaintiff's duties are conditions precedent to recovery under the Policy. Everest denies that Plaintiff complied with those conditions precedent. Specifically, and without

limitation, Plaintiff failed to provide Everest with a number of items that Everest requested in connection with the investigation of Plaintiff's claim.

## REQUEST FOR RELIEF

16.     Defendants request that judgment be entered that Plaintiff take nothing in this action and that Defendants recover all costs and have all other relief to which they are entitled.

Respectfully submitted,

*/s/ Andrew C. Nelson*

Thomas C. Wright
State Bar No. 22059400
Andrew C. Nelson
State Bar No. 24074801
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas  77056
(713) 572-4321
(713) 572-4320 (facsimile)
wright@wrightclose.com
nelson@wrightclose.com

**ATTORNEYS FOR DEFENDANTS
EVEREST INDEMNITY INSURANCE
COMPANY, ENGLE MARTIN &
ASSOCIATES, INC, EDWARD MARTIN
SEWELL, JR., AND ERIK JASKE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record in this case on August 18, 2017 electronically through the electronic filing manager or in compliance with Texas Rule of Civil Procedure 21a.

/s/ Andrew C. Nelson
Andrew C. Nelson

# EXHIBIT A-12

# Donna Kay M<u>c</u>Kinney

District Clerk  Bexar County

## CERTIFICATE
(Entire File)

**STATE OF TEXAS**
**COUNTY OF BEXAR**

I, <u>Brenda Trujillo</u>, Deputy District Clerk for ***Donna Kay M<sup>c</sup>Kinney***, District Clerk of Bexar County, Texas, do hereby certify that the documents found to be in Cause Number <u>2017-CI-13020</u> and Styled <u>CEDAR POINT CONDOMINIUMS VS EVEREST INDEMNITY INSURANCE COMPANY ET AL.</u> filed in the <u>225th</u> Judicial District Court of Bexar County, Texas, and which represents the content of the entire file and certified as being held and recorded within the District Clerk's Office of Bexar County, Texas.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** of said court at the office in the City of San Antonio, Bexar County, Texas, on this the August 21, 2017.

*Donna Kay M<sup>c</sup>Kinney*
*Bexar County District Clerk*

By: _____
Brenda Trujillo, Deputy



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, DONNA KAY McKINNEY, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*August 21, 2017*

**DONNA KAY McKINNEY**
**BEXAR COUNTY, TEXAS**

By: _____

BRENDA TRUJILLO, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERKS'S ORIGINAL SIGNATURE.)*

# EXHIBIT A-13



# Case #2017CI13020

**Name**:

**Date Filed** : 07/18/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 225

**Docket Type** : DEBT/CONTRACT

**Business Name** : CEDAR POINT CONDOMINIUMS

**Style** : CEDAR POINT CONDOMINUMS

**Style (2)** : vs EVEREST INDEMNITY INSURANCE COMPANY ET AL

# Case History

*Currently viewing 1 through 9 of 9 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00004 | 8/18/2017 | ORIGINAL ANSWER OF<br>EVEREST INDEMNITY INSURANCE COMPANY, ENGL<br>E MARTIN & ASSOCIATES INC, EDWARD MARTIN<br>SEWELL JR AND REIK JASKE |
| S00005 | 7/19/2017 | CITATION CERTIFIED MAIL<br>HARMON HAMANN<br>ISSUED: 7/19/2017 RECEIVED: 7/19/2017<br>EXECUTED: 7/24/2017 RETURNED: 7/28/2017 |
| S00004 | 7/19/2017 | CITATION CERTIFIED MAIL<br>ERIK JASKE<br>ISSUED: 7/19/2017 |
| S00003 | 7/19/2017 | CITATION CERTIFIED MAIL<br>EDWARD MARTIN SEWELL JR<br>ISSUED: 7/19/2017 |
| S00002 | 7/19/2017 | CITATION CERTIFIED MAIL<br>ENGLE MARTIN & ASSOCIATES INC<br>ISSUED: 7/19/2017 RECEIVED: 7/19/2017<br>RETURNED: 8/1/2017 |
| S00001 | 7/19/2017 | CITATION CERTIFIED MAIL<br>EVEREST INDEMNITY INSURANCE COMPANY<br>ISSUED: 7/19/2017 |
| P00003 | 7/18/2017 | JURY FEE PAID |
| P00002 | 7/18/2017 | SERVICE ASSIGNED TO CLERK 2 |
| P00001 | 7/18/2017 | PETITION<br>WJD |